UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN T. WILLIAMS,

                Petitioner,

-v-

UNITED STATES OF AMERICA,

                Respondent.

No. 23-cv-5453 (RJS)
No. 14-cr-784-2 (RJS)
ORDER

RICHARD J. SULLIVAN, Circuit Judge:

    Petitioner John T. Williams filed his petition, styled as a "Rule 60(b)(4) motion to vacate for lack of jurisdiction void judgment," which challenges his conviction and fully served sentence in *United States v. Williams*, No. 14-cr-784-2 (RJS) (S.D.N.Y. Dec. 14, 2016).  (Doc. No. 1.) Before the Court took any action in this matter, Petitioner submitted letters, dated July 6, 2023 and July 24, 2023, seeking dismissal of this action.  Petitioner noted in his letters that he has sued the undersigned in separate proceedings, and he "demand[ed]" that the present matter be "closed immediately."  (Doc. Nos. 5–6.)

    "The Federal Rules of Civil Procedure . . . , to the extent that they are not inconsistent with any statutory provisions or [the Rules Governing Section 2255 Proceedings for the United States District Courts], may be applied to a proceeding under these [R]ules."  *See* Fed. R. Governing § 2255 Proceedings 12; *see also Thai v. United States*, 391 F.3d 491, 497 (2d Cir. 2004) (applying Fed R. Civ. P. 41(a)(2) to section 2255 case).  Rule 41(a)(1)(A) of the Federal Rules of Civil Procedure states that "a plaintiff may dismiss an action without a court order by filing . . . a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A).  "The law is settled that the filing of a notice of dismissal under Rule 41(a)(1)(i) automatically terminates the lawsuit," and thus "[n]o action by the court is necessary to effectuate the dismissal."  *Thorp v. Scarne*, 599 F.2d 1169, 1171 n.1 (2d Cir. 1979).

Here, no answer or other response to Williams's petition has been filed. Accordingly, Petitioner's letters may be deemed notices of voluntary dismissal under Rule 41(a)(1)(A), for which court approval is not required. *See Thorp*, 599 F.2d at 1171 n.1. While it is true that Williams's "letter regarding dismissal was not styled as a formal 'notice of dismissal'" and did not even "reference Rule 41," the Court nonetheless "conclude[s] that the format and content of the [] letter" compels it to "analyz[e] the issue under Rule 41." *Youssef v. Tishman Const. Corp.*, 744 F.3d 821, 823–24 n.3 (2d Cir. 2014); *see also Horton v. Trans World Airlines Corp.*, 169 F.R.D. 11, 15 (E.D.N.Y. 1996) ("It is inconsequential whether the plaintiff has termed his document a notice of dismissal or a motion for dismissal."). For these reasons, Petitioner is entitled under Rule 41(a)(1)(A) to voluntarily dismiss this action without a court order, and the Court therefore directs the Clerk of Court to close the action under Dkt. No. 23-cv-5453.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and thus in forma pauperis status is denied for the purpose of an appeal in the unlikely event that Petitioner seeks to appeal the Court's granting of his motion. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   August 23, 2023
         New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES CIRCUIT JUDGE
Sitting by Designation